UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RANDEL LEE THOMPSON § | |
| § | |
| v. § | CIVIL NO. 4:21-CV-371-SDJ |
| § | |
| JEFFREY PRUETT, ET AL. § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 28, 2022, the Magistrate Judge entered proposed findings and recommendations in the Report, (Dkt. #25), recommending that the Court grant Defendants Jeffrey Pruett and James Edland's Motion to Dismiss, (Dkt. #10), and Defendants Paul Johnson and Sheena Molsbee's Motion to Dismiss, (Dkt. #12). Plaintiff Randal Lee Thompson timely filed objections to the Report. (Dkt. #26). Having received the Report, reviewed Thompson's objections de novo, and considered the relevant law, the Court concludes that the findings and recommendations in the Report should be **ADOPTED**.

### I. BACKGROUND

Thompson, proceeding pro se and in forma pauperis, commenced this lawsuit on May 14, 2021, against four defendants: Northeast Police Department Sergeant Jeffrey Pruett, Chief of Police James Edland, Denton County District Attorney Paul Johnson, and Denton County District Attorney Sheena Molsbee. (Dkt. #1).

1

Thompson's lawsuit stems from an allegedly illegal traffic stop on March 21, 2019, when he was pulled over by Sergeant Pruett while driving through Denton County. (Dkt. #1 at 4). Thompson alleges that the stop lasted more than two hours, that Sergeant Pruett searched his vehicle five times—on the fifth search "claim[ing] to find methamphetamine"—and that Sergeant Pruett claimed that the truck Thompson was driving was stolen. (Dkt. #1 at 4).

Thompson further alleges that Sergeant Pruett arrested him, jailed him without a probable cause hearing, and confiscated his truck, culminating in violations of the Fourth and Fifth Amendments. (Dkt. #1 at 4). Over the next two years, Thompson alleges that he was required to attend several court proceedings, during one of which he alleges that "false statements [were made] in front of a grand jury and at one hearing in front of a judge, [in order] to secure an indictment against" him. (Dkt. #1 at 4). Thompson seeks compensatory damages in the amount of $750,000, and requests that his "false arrest and imprisonment" be erased from his record. (Dkt. #1 at 5). Defendants Pruett and Edland have moved to dismiss Thompson's claims, (Dkt. #10), as have Defendants Johnson and Molsbee, (Dkt. #12).

## II. LEGAL STANDARD

A district court reviews the findings and conclusions of a magistrate judge de novo only if a party objects within fourteen days of the report and recommendation. 28 U.S.C. § 636(b)(1). To challenge a magistrate judge's report, a party must specifically identify those findings to which he objects. *See id.* Frivolous, conclusory, or general objections need not be considered by the district judge. *Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc), *overruled on other*

2

*grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). And objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review. *See Mark v. Spears*, No. 6:18-CV-309, 2022 WL 363586, at *1 (E.D. Tex. Feb. 7, 2022); *see also Nickelson v. Warden*, No. 1:11–cv–334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition."); *United States v. Morales*, 947 F.Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to de novo review of the findings, the district court should be spared the chore of traversing ground already plowed by the Magistrate." (quotation omitted)).

### III. DISCUSSION

Here, the Magistrate Judge determined that Thompson's official-capacity claims against Johnson and Molsbee, the district attorneys who allegedly prosecuted Thompson's state-court case, are barred by the Eleventh Amendment. (Dkt. #25 at 9–10). The Magistrate Judge also concluded that Johnson and Molsbee are entitled to absolute prosecutorial immunity for any individual-capacity claims asserted against them. (Dkt. #25 at 10–12). Accordingly, the Magistrate Judge recommended that the Court grant Johnson and Molsbee's dismissal motion and dismiss with prejudice the claims against them. (Dkt. #25 at 12). Thompson does not object to the dismissal of these defendants. In fact, within his objections, Thompson moves to withdraw his complaint against them. (Dkt. #26 at 2). Thus, the Court agrees with

the Magistrate Judge's conclusion that Thompson's claims against Johnson and Molsbee should be dismissed with prejudice.

The Court likewise agrees with the Magistrate Judge's determination that Thompson failed to state a plausible claim against Edland, either in his individual or official capacity. (Dkt. #25 at 4–6). Relevant here, the Magistrate Judge recommended that the Court dismiss with prejudice the individual-capacity claims against Edland because Thompson failed to allege that Edland was personally involved in, or took any actions causally connected to, the alleged constitutional violations. (Dkt. #25 at 5); *see also Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1993) (explaining that to state a claim under Section 1983, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts were causally connected to the constitutional violation alleged").

Thompson does not make a specific objection to this conclusion or address the Magistrate Judge's analysis. *See Nettles*, 677 F.2d at 410 & n.8 (holding that conclusory or general objections need not be considered by the district judge). But, construing his objections liberally, he appears to challenge the Magistrate Judge's determination by asserting—for the first time—that Pruitt committed the underlying constitutional violations "under direct orders given to him by [Edland]." (Dkt. #26 at 2). Because Pruitt did not present this argument to the Magistrate Judge, the Court declines to consider it. *See Harrison v. Smith*, 83 F.App'x. 630, 631 (5th Cir. 2003) (per curiam) ("The district court did not err in refusing to allow [the plaintiff] to use his objections to the magistrate judge's report and recommendation to further amend

4

his amended complaint.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Thus, to the extent Thompson objects to the dismissal of his complaint against Edland, that objection is overruled.

As to Pruett, the Magistrate Judge found that Thompson's claims were barred because the "facts supporting [his] arrest [were] placed before an independent intermediary"—namely, a state magistrate judge and grand jury—and that the decisions of those intermediaries "[broke] the chain of causation for false arrest." (Dkt. #25 at 7 (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)). Thompson does not acknowledge this determination—let alone specifically identify why the Magistrate Judge erred in so finding. Thus, he provides this Court no basis to conclude that the Magistrate Judge erred. *See* 28 U.S.C. § 636(b)(1); *Nettles*, 677 F.2d at 410 & n.8.

Rather, in his objections, Thompson summarily asserts new claims against Pruett. He argues that Pruett violated his First Amendment "RIGHT TO TRAVEL FREELY AND UNENCUMBERED," "inflicted [him] with Assault and battery," and used "with excessive force[.]" (Dkt. #26 at 1–2). Because Pruett raised these issues for the first time in his objections, they are not properly before this Court and will not be considered. *See Armstrong*, 951 F.2d at 630; *Harrison*, 83 F.App'x. at 631.

### IV. CONCLUSION

For the foregoing reasons, Thompson's objections, (Dkt. #26), are **OVERRULED** and the Report and Recommendation of the United States Magistrate Judge, (Dkt. #25), is **ADOPTED** as the opinion of the Court.

5

It is therefore **ORDERED** that Defendants Jeffrey Pruett and James Edland's Motion to Dismiss, (Dkt. #10), and Defendants Paul Johnson and Sheena Molsbee's Motion to Dismiss, (Dkt. #12), are **GRANTED** and Plaintiff Randal Lee Thompson's complaint is **DISMISSED with prejudice**.

All other relief not previously granted is **DENIED**.

The Clerk is directed to close this case.

**So ORDERED and SIGNED this 31st day of March, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE